Marion S. Perkins and Alice B. Perkins v. Commissioner.
Marion S. Perkins & Alice B. Perkins v. Commissioner
Docket No. 31053.
United States Tax Court
1952 Tax Ct. Memo LEXIS 196; 11 T.C.M. (CCH) 532; T.C.M. (RIA) 52165; May 29, 1952
*196 Petitioner Marion S. Perkins during the taxable year 1947 was a traveling salesman for a flour and feed milling company in Tennessee and covered 11 counties, working on a commission basis. His wife Alice B. Perkins was a school teacher in the public schools in Lebanon, Tennessee. They filed a joint return for the taxable year. Held: (1) Petitioners are not entitled to claim specific deductions of the kind embraced in the $500 standard deduction and, at the same time, claim the standard deduction of $500. The Commissioner is sustained in his allowances of the specific deductions which exceeded in the aggregate the $500 standard deduction and he is also sustained in his disallowance of the $500 standard deduction. (2) Petitioner Marion S. Perkins is sustained in his claim for allowances of certain deductions incurred in his trade or business as traveling salesman on a commission basis. The amounts which are allowed as deductions are stated in the Findings of Fact and to the extent that the Commissioner has disallowed these amounts in his determination of the deficiency he is reversed. Glendale O. Scott, Esq., Coaplen Bldg., Lebanon, Tenn., for the petitioners. William W. Oliver, *197 Esq., for the respondent. BLACK Memorandum Findings of Fact and Opinion The Commissioner has determined a deficiency in petitioners' income tax of $429.01 for the year 1947. This deficiency is due to certain adjustments made by the respondent to net income as reported by petitioners on their return. These adjustments are explained in the deficiency notice as follows: Corrections
Net Income as reported
$4,922.05
Disallowed Deductions: (A) Standard Deduction
(Deductions listed)
$ 500.00
(B) Repairs to personal
car
6.55
(C) Misc. taxes
10.00
(D) Losses from collec-
tions
75.00
(E) Office Supplies
179.23
(F) Entertainment ex-
pense
475.00
(G) Tips to waitresses
104.00
(H) Repairs to Apt.
(capitalized)
445.94
(I) Depreciation on Apt.
30.09
$1,825.81
1,825.81
Corrected Net Income
$6,747.86
The revenue agent's report which formed the basis for the deficiency notice contains the following statement: "It will be noted on the original return that it was elected to use the standard deduction of $500.00 instead of listing the deductions, consequently the taxpayer may be required to still use his original election. *198 However, since the taxpayer did not prepare this return and was probably not aware of the mistakes it is recommended that he be allowed to list his deductions instead of using the standard deduction, since it is to his advantage." The petitioners assigned errors as to each of the adjustments made by the Commissioner which are listed above and then followed these specific assignments of error by the following general assignment: "J. The Commissioner erred in determining a deficiency against the said petitioners in any form whatsoever, as all deductions to which the Commissioner disallowed were legal deductions and same were necessary and necessary expenses for the production or collection of income and that all of the said deductions that were disallowed were deductible under the provisions of the Internal Revenue Code." At the hearing the following adjustments made by the Commissioner were accepted by petitioners and no contest remains as to them: adjustments (B), (C), and (I). Findings of Fact The petitioners are husband and wife who reside in Lebanon, Tennessee. They filed a joint income tax return for the year 1947 with the Collector of Internal Revenue for the District *199 of Tennessee. The petitioner Marion S. Perkins has for several years been field representative for the Barry-Carter Milling Co., Lebanon, Tennessee, and during the calendar year 1947 he acted as field representative in the following 11 counties in Tennessee, namely, Trousdale, Sumner, Smith, Macon, Wilson, Jackson, White, Warren, Grundy, Cannon, and Dekalb. He called on some 550 customers and called on them twice every month and collected something in the neighborhood of $624,000 for the Barry-Carter Milling Co. In the collection and handling of this large sum of money during the year petitioner lost in checking up the checks of customers, currency and coins and turning these funds in to his employers an aggregate of $75 which he had to make good out of his own funds. This was a loss of $75 to petitioner incurred in his business as traveling salesman working on a commission basis. Petitioner Alice B. Perkins is a school teacher and teaches in the public schools of Lebanon, Tennessee. Petitioner Marion S. Perkins expended $100 during the taxable year for office supplies which were necessary in his acting as field representative of Barry-Carter Milling Co. He was not a salaried *200 employee but worked on a commission basis and in his work he maintained an office in his home in Lebanon with office equipment, stationery, and things of that sort. Petitioner Marion S. Perkins expended $350 during the taxable year in entertaining his customers. In his work as field representative of Barry-Carter Milling Co. he called on many customers in the 11 counties where he worked. His compensation was from commissions on sales made to these customers. He entertained them - sometimes at lunch, sometimes at dinner, and sometimes took them to a movie. He was not reimbursed for these expenditures by Barry-Carter Milling Co. and these expenditures were ordinary and necessary in carrying on the business in which petitioner was engaged. Petitioner was reimbursed by Barry-Carter Milling Co. for his own meals and lodging and traveling expenses but not for the amounts expended in the entertainment of his customers. Petitioner Marion S. Perkins expended $104 during the taxable year as tips to waitresses while traveling in his regular business and for which he was not reimbursed by Barry-Carter Milling Co. Petitioners during the taxable year were the owners of a residence in Lebanon, *201 Tennessee, and moved into it in June 1947 and prepared for rental the upstairs as an apartment. After making certain improvements to this upstairs part of the building, petitioners succeeded in renting out the apartment. Petitioners expended $445.94 in making these improvements and took it as a deduction for repairs on the joint return which was filed. The respondent disallowed the deduction on the ground that the expenditures were for capital improvements. We find that these improvements were capital in their nature and were not deductible as repairs. Among the deductions which petitioner Marion S. Perkins took on the joint income tax return which was filed were Tennessee Sales Tax
$ 31.00
Tips to porters at hotels and service
stations
75.00
Interest on notes
442.87
$548.87 The Commissioner in his determination of the deficiencies allowed these deductions. Among the deductions which petitioner Alice B. Perkins took on the joint income tax return which she and her husband filed were the following: Expenses in attending Teachers'
Conventions
$ 20.00
Professional books and magazines
18.00
Professional allowance for State tax
on gasoline
36.40
License for automobile
7.85
Tennessee sales taxes paid
36.78
$119.03
*202 These deductions were allowed by respondent in his determination of the deficiency and totaled $667.90 for both petitioners. The petitioners in their joint income tax return also took the standard deduction of $500. Inasmuch as petitioners had taken specific deductions which are embraced in the standard deduction of $500 and which exceeded the standard deduction of $500, the Commissioner in his determination of the deficiency has disallowed the $500 standard deduction which petitioners claimed on their joint return. Opinion BLACK, Judge: In this proceeding there is no dispute as to the amount of income which the petitioners received and reported. The dispute is as to the deductions which petitioners claimed on their return. Petitioners' joint income tax return is in evidence and it shows that petitioners took not only specific deductions which are ordinarily embraced in the standard deduction of $500 if it is claimed, but also took the standard deduction of $500. Manifestly, the taxpayers are not entitled to take the specific deductions and also the $500 standard deduction. In his determination of the deficiency the Commissioner has given recognition of that fact and has allowed *203 specific deductions enumerated in our Findings of Fact which aggregate $667.90 and has disallowed the standard deduction of $500. He has allowed the specific deductions of $667.90 instead of the standard deduction of $500 because to do so results in a larger benefit to the taxpayers. Therefore, his disallowance of $500 standard deduction is approved. That was adjustment (A). Petitioners' contest of adjustments (B), (C), and (I) were abandoned at the hearing. Therefore, in a recomputation under Rule 50 these adjustments will remain as made by the Commissioner. Adjustment (D) should be allowed. It represents a loss of $75 which petitioner incurred in his business during the year 1947. The Commissioner is not sustained in this adjustment. Adjustment (E) should be allowed to petitioner to the extent of $100. We have found from all the evidence that petitioner expended $100 for stationery and office supplies in carrying on his business as field representative in 11 counties in Tennessee. The Commissioner is not sustained in this adjustment to the extent of $100. Adjustment (F) should be allowed to petitioner to the extent of $300. After careful consideration of the facts we find *204 that petitioner expended $300 in 1947 in entertaining his customers for which he was not reimbursed by Barry-Carter Milling Co., and that this was ordinary and necessary business expense of carrying on his business as salesman working on a commission basis. Adjustment (G) should be allowed to petitioner as a deduction in a recomputation under Rule 50. We find that petitioner paid $104 in tips to waitresses at hotels and restaurants where he took his meals while traveling in his business and for which he was not reimbursed by Barry-Carter Milling Co. This $104 deduction should be allowed to petitioner in a recomputation under Rule 50. We find that respondent should be sustained in his adjustment (H) "Repairs to Apt. (capitalized) $445.94." After careful consideration we find that this entire amount of $445.94 represented the cost of capital improvements to petitioners' apartment house and should be recovered by way of depreciation. The revenue agent's report shows as to this item: "* * * On the original return there was $445.94 claimed for repairs on the apartment, however, while checking the cost of the house for depreciation it was found that all of the items claimed for repairs *205 were included in the cost of the house of $16,777.94 and since the house and apartment were new the expense of $445.94 was not actually repairs but were improvements which were figured in the cost of the house and apartment. Therefore this expense is being disallowed as repairs since it is included in the cost of the apartment of $5,592.67 which includes the cost of new cabinets, material for cabinets, paint, Etc." After careful consideration of the evidence, we think respondent should be sustained as to these items labeled by petitioners in their return as "repairs" and aggregating $445.94. Decision will be entered under Rule 50.